**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RISHI RAM BARAL, | No. 12-71318 |
| Petitioner, | Agency No. A089-294-740 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2016**
San Francisco, California

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Rishi Ram Baral, a native and citizen of Nepal, petitions for review of a final

order of removal from the Board of Immigration Appeals (BIA). The BIA

dismissed Baral's appeal of an Immigration Judge's (IJ's) denial of his applications

for asylum, withholding of removal, and protection under the United Nations

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition.

1. Baral first argues that the IJ erred in dismissing his asylum claim as untimely. "Under 8 U.S.C. § 1158(a)(2)(B), an alien seeking asylum must file an application within one year of arrival in the United States, unless one of two statutory exceptions applies." *Ramadan v. Gonzales*, 479 F.3d 646, 649 (9th Cir. 2007) (per curiam). Baral concedes that he filed his application for asylum more than one year after he arrived in the United States, but he argues that changed circumstances in Nepal excused his late filing.

Baral failed to demonstrate that conditions in Nepal materially changed after he left the country in 2007. Baral relies primarily on the 2008 U.S. State Department Report to demonstrate changed circumstances. The report explains that Maoist violence was primarily a holdover from the ten-year conflict between Maoists and the government that ended in 2006. Therefore, the IJ properly concluded that incidents of violence and extortion at the hands of Maoists did not reflect changed circumstances material to Baral's petition that would excuse his late filing.

2. The IJ denied Baral's application for withholding of removal on two alternative grounds. First, the IJ concluded that Baral did not testify credibly about

2

the events leading up to his flight from Nepal, and the BIA affirmed that ruling. Baral contends that the record compels reversal of the IJ's adverse credibility determination because that finding was based on minor inconsistencies in Baral's testimony. We disagree.

The REAL ID Act governs because Baral filed his petition after May 11, 2005. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We review an IJ's adverse credibility finding under the deferential substantial evidence standard, *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014), and "only the most extraordinary circumstances will justify overturning an adverse credibility determination," *Shrestha*, 590 F.3d at 1041 (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005) (internal quotation marks omitted)).

Substantial evidence supports the IJ's conclusion that Baral testified inconsistently about the series of events that led him to flee from Nepal in 2007. Baral first told the IJ that his first encounter with the Maoists was in March 2006 when Maoists called him at his home and threatened him, but later told the IJ that he encountered the Maoists when he "went to get [his] property" in December 2006, before he received any threatening phone calls. Thereafter, Baral testified that he could not remember when he received threatening phone calls and he never

3

explained his conflicting testimony about whether Maoists called and threatened him before he attempted to take back his family's farm.

The IJ gave Baral an opportunity to correct his testimony, acknowledging that "even dates are not that important if you can remember the sequence of events . . . . it seems logical that you would at least remember what happened first, what happened next, what happened next, the sequence of events." Baral merely replied that he was confused. This record does not compel the conclusion that the IJ's adverse credibility finding was unsupported.

Substantial evidence also supports the IJ's and BIA's conclusion that discrepancies between Baral's corroborating evidence and his hearing testimony undermined his credibility. The IJ observed that addresses listed on Baral's documentary evidence conflicted with his testimony that his family was internally displaced.

Baral's father sent a letter in support of Baral's asylum application. The return address was the location of the Baral family farm. But Baral testified that his family has not lived in Arba Bijaya since 2003, when Maoists seized the farm. According to Baral, at the time of the hearing in 2010, his parents remained displaced from their farm and were living in Pokhara. Baral "cannot show that the record compels a different interpretation [of his testimony], and that is fatal to [his]

challenge to the adverse credibility determination." *Garcia v. Holder*, 749 F.3d 785, 790–91 (9th Cir. 2014).

Second, the Agency alternatively denied Baral's application for withholding of removal because Baral did not establish the necessary nexus between his confrontations with the Maoists and his political opinion. Baral argues the record compels reversal of this finding. We again disagree.

Baral was required to "produce evidence from which it is reasonable to believe that the harm was motivated, *at least in part*, by an actual or implied protected ground." *Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2008) (quoting *Borja v. INS*, 175 F.3d 732, 735–36 (9th Cir. 1999) (en banc) (internal quotation marks omitted)).[1] The record does not compel the conclusion that Baral met this burden. Baral did not produce evidence that Maoists seized his family's farm because of his political opinion. Baral testified that Maoists assaulted and detained him in December 2006 because he tried to retake the farm, not because of

---

[1] The BIA held that Baral "has not shown that an enumerated ground is a central reason for the feared persecution." The "one central reason" standard derives from the REAL ID Act, and replaced this court's "mixed motives" jurisprudence in asylum cases. *Parussimova*, 555 F.3d at 740; *see also* 8 U.S.C. § 1158(b)(1)(B)(i) (protected ground must be "at least one central reason for persecuting the applicant"). We do not address whether the "one central reason" standard also applies to withholding of removal claims because we conclude that Baral's petition fails under the more generous "mixed motives" standard.

his membership in a particular political party. This testimony is insufficient to establish the requisite nexus. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Baral also failed to establish that Maoists targeted him in July 2007 (the motorbike incident) "on account of" his political opinion. Baral testified that Maoists attacked him while he was walking to the Nepali Congress Party's office, but he did not testify that his attackers knew he was a party member. This record does not compel the conclusion that the attack was anything more than a random act of violence. Although Baral testified that he received threatening phone calls from Maoists because of his membership in the Nepali Congress Party, these calls alone do not compel the conclusion that the December 2006 assault and July 2007 motorbike incident bore the requisite nexus to a protected ground.

3. Baral has not shown that "it is more likely than not" he will be tortured upon his return to Nepal, so he has not established eligibility for relief under CAT. *See* 8 C.F.R. § 1208.16(c)(2). The incidents of abuse Baral suffered at the hands of Maoists, assuming Baral testified credibly, do not rise to the level of torture. Baral did not testify that Maoists injured him when he attempted to take back his family's farm in December 2006, and he testified that he suffered only minor physical injuries during the 2007 motorbike incident. The 2008 State Department

Report supports the conclusion that Maoists commit human rights abuses in Nepal, but it does not compel the conclusion that Baral in particular will be a victim. *See Garcia*, 749 F.3d at 792.

**PETITION DISMISSED in part and DENIED in part.** Each party shall bear its own costs.